IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON L. SIMMONS | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WMN-05-1020 |
| MONTGOMERY COUNTY CORRECTIONAL FACILITY | : | |
| Defendants | : | |

. . . . . . .o0o. . . . . . .

**MEMORANDUM**

The above-captioned civil rights action was filed by Plaintiff on April 13, 2005 along with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, the motion shall be granted. For the reasons that follow, however, the Complaint must be dismissed.

This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations .... It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). The instant complaint simply alleges that Plaintiff was assaulted by his cell-mate at the Montgomery County Correctional Facility and he suffered an injury to his eye as a result. Paper No. 1. Plaintiff admits that he has received medical attention for his injury, including plastic surgery. *Id*. Plaintiff seeks "medical coverage" for pain and suffering and claims he may be unable to work upon his release. *Id*. There is no federal cause of action through which an inmate may recover monetary compensation without proof of deliberate conduct by governmental employees which violates a right guaranteed by the Constitution or

other federal law. There is no constitutional claim where, as here, there is no allegation that the attack on Plaintiff could have been prevented by correctional staff, nor an allegation that the medical care provided was grossly inadequate. To the extent that Plaintiff may have available to him some State cause of action for negligence, he must pursue those claims in the Maryland courts. *See* Md. St. Gov't Code Ann. §§ 12-101 *et seq*. Accordingly, the Complaint will be dismissed without prejudice by separate Order which follows.

/s/

___April 27, 2005___  
Date

William M. Nickerson  
Senior United States District Judge